UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Leonardo O. D., | No. 26-cv-1030 (KMM/LIB) |
| Petitioner, | |
| v. | **ORDER** |
| Pamela Bondi, et al., | |
| Respondents. | |

Petitioner Leonardo O. D. ("Leonardo" or "Petitioner") seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. 1.) For the reasons that follow, the petition is granted.

## Background

Respondents provide no evidence to dispute the facts asserted in the petition. (Dkt. 7.) Leonardo is a 21-year-old native and citizen of Ecuador. (Dkt. 1 ¶ 10.) In 2019, while he was still a minor, he entered the United States without inspection.[1] (*Id.* ¶ 15.) After entering the United States, Leonardo applied for Special Immigration Juvenile Status, which the government approved, and he is now awaiting eligibility for a visa. (*Id.*) He has no criminal record and has been in the United States continuously for six years. (*Id.*)

On February 4, 2026, agents working on behalf of U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner while he was on his way to work. (*Id.* ¶ 16.) At

---

[1] Respondents assert in their answer to the petition that Leonardo was "arrested right after entering the country" (Dkt. 7 at 2 n.1), but they provide no evidence to support this assertion, and don't further explain it. Most critically, they do not suggest it impacts the Court's analysis.

1

the time the petition was filed, he was being held at the Bishop Henry Whipple Federal Building in Fort Snelling, Minnesota. (*Id.* ¶ 17.) Leonardo filed his petition on February 4, 2026, and Respondents filed their answer to the petition on February 6, 2026.

## Analysis

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are already in the United States, either having entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226 or another statute. This Court has previously held that, because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision—which mandates detention—does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The same legal conclusion has been adopted by countless district courts around the country in similar cases, by the only Court of Appeals to have decided the issue, and by many courts in this district. The Respondents' position is that *Belsai D.S.* and the many other cases reaching the same conclusion were wrongly decided. The government points out, correctly, that other courts have ruled differently and that the issue is currently pending before the Eighth Circuit, and asks this Court to reconsider its previous decision.

Although the Court has considered the arguments raised by the government, and reviewed the authority cited, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the majority of courts to have considered the matter. Of course, these issues are complex, and the government's arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory

2

scheme is that § 1225(b)(2) does not apply to Leonardo or others who are similarly situated, and his mandatory detention under that provision is not supported by the law.

The Court also notes that Leonardo's pending request for a visa does not alter the Court's conclusion that detention under § 1225(b)(2) is not appropriate. *See, e.g.*, *Victor F.M. v. Bondi*, No. 25-cv-4778 (ECT/SGE), 2026 WL 25968, at *2 (D. Minn. Jan. 5, 2026) (collecting cases); *Mendoza Gutierrez v. Baltasar*, No. 25-cv-2720 (RMR), 2025 WL 2962908, at *6 (D. Colo. Oct. 17, 2025); *Reyes v. Noem*, No. 1:25-cv-1614, 2026 WL 86808, at *1–3 (W.D. Mich. Jan. 12, 2026). Leonardo's pending application for a visa does not render him an "alien seeking admission" subject to mandatory detention under § 1225.

Petitioner alleges that he should be immediately released or, at minimum, granted a bond hearing. The Court concludes that immediate release is appropriate in this case. The government has not claimed to have a "warrant issued by the Attorney General" supporting his recent arrest, nor has the government produced one to the Court. As Judge Tostrud also explained, "[s]ection 1226 provides that '[o]n *a warrant issued by the Attorney General*, an alien may be arrested and detained.'" *Ahmed M. v. Bondi et. Al*, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *2 (D. Minn. Jan. 5, 2026). Judge Tostrud concluded that the issuance of a warrant is a necessary prerequisite to even discretionary detention under § 1226(a), citing several decisions from other districts. *Id.* In *Ahmed M.*, like here, the petitioner had been rearrested with no warrant, and there were no allegations of a violation of the conditions of his previous release. Therefore, the appropriate remedy in *Ahmed M.* was immediate release rather than a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (Order, Dkt. 8, Jan. 12, 2026) (same). Because the Court here has before it

3

no administrative warrant contemplated by § 1226, the Court finds that immediate release of Petitioner is appropriate.

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner Leonardo O. D.'s Petition for a Writ of Habeas Corpus (Dkt. 1) is **GRANTED**.

2. The Court **DECLARES** that Leonardo O. D. is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to immediately release Leonardo O. D. in Minnesota, **with all of his personal effects seized during his arrest, including but not limited to immigration paperwork, and without new conditions** no later than **8:00 PM on February 7, 2026**.

4. Further, the Court **ORDERS** Respondents file a notice on ECF **by no later than 12:00 PM on February 9, 2026** certifying Petitioner's release. The notice shall specify the date and time of his release. If Leonardo O. D. has not been released by that time, then Respondents shall advise the Court about the reasons his release has not occurred, and the specific steps Respondents are undertaking to ensure his immediate release in Minnesota.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 6, 2026

*s/Katherine Menendez*
Katherine Menendez
United States District Judge